FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 31, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ARDIS LAVELLE WILSON,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTHERN QUEST RESORT/CASINO, JANE DOE and JOHN DOES 1-2,<br><br>    Defendants. | 2:19-cv-00292-SAB<br><br>**ORDER DENYING MOTIONS FOR DISCOVERY AND DISMISSING ACTION FOR LACK OF JURISDICTION** |

Before the Court, without oral argument, are Plaintiff's Motion for Full Discovery, ECF No. 9, and Motion for Discovery, ECF No. 10. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies the motions.

Plaintiff initiated this action while a pretrial detainee at Spokane County Detention Services. ECF No. 1. By letter received January 6, 2020, an official from Spokane County Detention Services advised the Court of Plaintiff's release on December 16, 2019. ECF No. 11. Although advised of the requirement to do so, Plaintiff has not notified the Court of his current address.

On October 24, 2019, the Court found that, in the absence of claims that arose under federal law, or which involved completely diverse parties that had

ORDER DENYING MOTIONS FOR DISCOVERY AND DISMISSING ACTION FOR LACK OF JURISDICTION -- 1

more than $75,000 in dispute, it lacked jurisdiction over Plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); 28 U.S.C. §§ 1331, 1332; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). ECF No. 8. Furthermore, Plaintiff's claimed Fourth or Fourteenth Amendment violations failed as a matter of law under 42 U.S.C. § 1983 because Plaintiff did not allege government action or that Defendants were a governmental entity or governmental employees. *See Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *Taylor v. List*, 880 F.2d 1040, 1048 (9th Cir. 1988); *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam).

Plaintiff did not amend his complaint to cure these deficiencies or file a motion to voluntarily dismiss as directed. Instead, he filed motions for discovery. He asserts that he needs discovery so that he might properly name the casino security officers, and specifically requests any electronic surveillance from April 4, 2019. ECF Nos. 9, 10.

**DISCOVERY**

The Court will not conduct discovery. Federal Rules of Civil Procedure 26 through 37 govern the procedures for obtaining discovery material. Plaintiff should pay particular attention to Fed. R. Civ. P. 26.

Had Plaintiff alleged facts sufficient for service upon Defendant(s), then the parties would have been directed to confer by telephone, as soon as practicable, and in any event at least 21 days before the telephonic scheduling conference with the Court (a notice would have provided the date and time of such conference if service had been deemed appropriate), to discuss the nature and basis of their claims and defenses, and the possibilities for a prompt settlement or resolution of the case. In the absence of settlement, the parties would have been directed to

propose a Discovery Plan and arrange for the following disclosures required by Fed. R. Civ. P. 26(a)(1):

> (1) The name, address and telephone number (if known) of each individual likely to have information relevant to the claims and defenses alleged;
>
> (2) A description and location of all documents and tangible items relevant to the claims and defenses alleged;
>
> (3) A computation of monetary damages claimed, including any supporting documents for those damages.

Within 14 days after conferring by telephone, the attorneys of record and *pro se* litigants would have been directed to submit to the Court a written report summarizing the disclosures under (1) through (3) and the proposed Discovery Plan. A PARTY MAY NOT SEEK DISCOVERY FROM ANY SOURCE BEFORE THE PARTIES HAVE CONFERRED AS OUTLINED ABOVE.

Because Plaintiff did not provide a legally sufficient complaint, his requests for discovery are premature. Accordingly, Plaintiff's Motion for Full Discovery and his Motion for Discovery, ECF Nos. 9 & 10, are **DENIED.**

Plaintiff did not avail himself of the opportunity to amend or voluntarily dismiss. Therefore, the Court will now dispose of Plaintiff's Complaint as set forth in the Order to Amend or Voluntarily Dismiss. ECF No. 8.

//
//
//
//
//
//
//

ORDER DENYING MOTIONS FOR DISCOVERY AND DISMISSING ACTION FOR LACK OF JURISDICTION -- 3

Accordingly, **IT IS ORDERED** the Complaint, ECF No. 1, is **DISMISSED without prejudice** for lack of federal subject-matter jurisdiction.

Under *Washington v. L.A. Cty. Sheriff's Dep't,* 833 F.3d 1048 (9th Cir. 2016), this dismissal will **NOT** count as a "strike" pursuant to 28 U.S.C. § 1915(g). The Court certifies that any appeal of this dismissal would not be taken in good faith.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff at his last known address, and **close the file**.

**DATED** this 31st day of January 2020.



                                  Stanley A. Bastian
                            United States District Judge